**EXHIBIT A**

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| STATE OF MICHIGAN<br>4th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>21- 2574 -NH |

**Court address**
Jackson County Building, 312 S. Jackson St., Jackson, MI 49201

**Court telephone no.**
(517) 788-4382

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| CATHY LANDWEHR | v | ITW FOOD EQUIPMENT GROUP LLC,<br>a Delaware Corporation,<br>c/o The Corporation Company<br>Resident Agent<br>40600 Ann Arbor Rd. E.<br>Suite 201<br>Plymouth, MI 48170 |

Plaintiff's attorney, bar no., address, and telephone no.
COURTNEY E. MORGAN, JR. (P29137)
BRIAN T. KECK (P77668)
LAW OFFICES OF COURTNEY MORGAN, PLLC
3200 Greenfield, Suite 355
Dearborn, MI 48120           (313) 395-2568

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/20/2021 | Expiration date*<br>10/18/2021 | Court clerk Christy Kring<br>Deputy County Clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                                   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS Case No. 21-2574-NH |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                          Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

_____ on _____
                               Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

CATHY LANDWEHR

    Plaintiff,
vs.                                                          Case No. 21-2574-NH

HOBART SALES AND SERVICE, INC.,          Hon.
a Delaware Corporation,                          Hon. Richard N. LaFlamme
ITW FOOD EQUIPMENT GROUP LLC,              P32641
a Delaware Corporation,
JOHN DOE CORPORATION,
a Domestic Corporation,

    Defendants.
_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiff
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 (Fax)
cmorgan@courtneymorganlaw.com
bkeck@courtneymorganlaw.com
_____/

There is no other pending civil action arising out of
The transaction or occurrence alleged in the complaint.

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, Cathy Landwehr by and through her attorneys, LAW OFFICES OF COURTNEY MORGAN PLLC, and states as her cause of action against the above-named Defendants the following:

### JURISDICTION AND VENUE

1

1. Plaintiff Cathy Landwehr ("Ms. Landwehr"), is a resident of Cement City, County of Lenawee, State of Michigan.

2. Upon knowledge and belief, Defendant, Hobart Sales and Service, Inc. ("Hobart") is a Delaware corporation with its principal place of business in the City of Troy, Ohio and conducting business in the State of Michigan and County of Jackson.

3. Upon knowledge and belief, Defendant, ITW Food Equipment Group LLC ("ITW Food") is a Delaware corporation, with its principal office in the City of Troy, Ohio and conducting business in the State of Michigan and County of Jackson.

4. Upon knowledge and belief, Defendant, John Doe Corporation, is a Michigan corporation located in Wayne County, Michigan and doing business in Jackson County, Michigan.

5. The acts that and occurrences which form the basis of this complaint occurred in whole or in part within the County of Jackson, State of Michigan.

6. The amount in controversy is in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, exclusive of costs, interests, and attorney fees.

## GENERAL ALLEGATIONS

7. Since 1996, Ms. Landwehr has been working for Columbia School District located in the Village of Brooklyn, County of Jackson, and State of Michigan.

8. Ms. Landwehr is employed as a food service worker, and as part of her job she had to work with a Vulcan high efficiency gas food steamer.

9. Ms. Landwehr received on the job training in the use of the Vulcan high efficiency gas food steamer.

10. On April 30, 2020 and May 6, 2020, Defendants serviced the Vulcan high efficiency gas food steamer in question, at the request of Columbia School District

11. The Columbia School District planned to open for in-person instruction in the fall of 2020.

12. On September 1, 2020, Ms. Landwehr used the Vulcan high efficiency gas food steamer to warm macaroni and cheese as part of her job.

13. When Plaintiff opened the Vulcan high efficiency gas food steamer drawer, scalding hot water poured out onto her feet causing severe burns.

14. After her injury, Ms. Landwehr was taken to the hospital where she was diagnosed with second degree burns, eventually coming under the care of the University of Michigan Burn Unit.

15. Since that time, she has undergone intensive care including a skin graft and physical therapy.

16. She must wear a compression stocking and also uses a brace to help her toes straighten.

17. After Plaintiff's injury, Defendants were asked to inspect the Vulcan high efficiency gas food steamer at which time, it was learned that certain components had been damaged during the prior service performed by Defendants, which caused the failure leading to Plaintiff's injury.

## COUNT I – NEGLIGENCE AS TO DEFENDANTS

Plaintiff hereby re-alleges and incorporates by reference, each and every paragraph above, as though fully set forth herein, and further states the following.

18. Defendants had an obligation to use due care in servicing and inspecting the Vulcan high efficiency gas food steamer.

19. Defendants breached this duty to use due care by:

    a.    Damaging internal components of the Vulcan high efficiency gas food steamer;

    b.    Failing to discover damage to the Vulcan high efficiency gas food steamer;

    c.    Failing to promptly remove and replace the damaged components of the Vulcan high efficiency gas food steamer; and

    d.    Any and all other acts of negligence that may come to light through the course of discovery.

20. As a direct and proximate result of Defendants' acts and/or omissions, Ms. Landwehr suffered injuries including but not limited to:

    a.    Severe burns of her left foot requiring extensive medical care;

    b.    Pain, suffering, and emotional distress, past, present, and future;

    c.    Humiliation, mortification, fright, and embarrassment, past, present, and future;

    d.    Medical expenses;

    e.    Lost wages;

    f.    Emotional and mental suffering past, present, and future;

    g.    Loss of enjoyment of life past, present, and future;

    h.    Attorney fees and legal costs; and

    i.    Any and all other injuries and damages found to be appropriate by the trier of fact.

**WHEREFORE**, Ms. Landwehr requests that this Court award damages against Defendants in an amount not less than TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interests, costs, and attorney fees, and grant any other relief deemed equitable under the circumstances and as made and provided for in Michigan law.

                                     Respectfully submitted,

                                     LAW OFFICES OF COURTNEY MORGAN PLLC

                           BY:    /s/ Brian T. Keck
                                     COURTNEY E. MORGAN, JR. (P29137)
                                     BRIAN T. KECK (P77668)
                                     Attorneys for Plaintiff
                                     3200 Greenfield, Suite 355
                                     Dearborn, MI 48120-1802
                                     (313) 395-2568

DATED: July 12, 2021

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

CATHY LANDWEHR

    Plaintiff,
vs.                                                    Case No. 21-    -NH

HOBART SALES AND SERVICE, INC.,          Hon.
a Delaware Corporation,
ITW FOOD EQUIPMENT GROUP LLC,
a Delaware Corporation,
JOHN DOE CORPORATION,
a Domestic Corporation,

    Defendants.
_____/

**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiff
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 (Fax)
cmorgan@courtneymorganlaw.com
bkeck@courtneymorganlaw.com
_____/

## DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff, by and through her attorneys LAW OFFICES OF COURTNEY MORGAN PLLC, and hereby demands a jury trial in the above cause of action.

                              Respectfully submitted,

                              LAW OFFICES OF COURTNEY MORGAN PLLC

            BY:    /s/ Brian T. Keck
                      COURTNEY E. MORGAN, JR. (P29137)
                      BRIAN T. KECK (P77668)
                      Attorneys for Plaintiff
                      3200 Greenfield, Suite 355
                      Dearborn, MI 48120-1802

DATED: July 12, 2021                         (313) 395-2568

7

## NOTICE TO PLAINTIFF
## AND/OR PLAINTIFF'S ATTORNEY

1. You must serve a copy of this notice and the case scheduling order with the summons and complaint.

2. You must file a proof of service within 91 days showing that the case scheduling order has been served on the defendant.

3. Failure to file a proof of service may result in dismissal or imposition of costs.

_____
Honorable Richard N. LaFlamme
Circuit Judge

Copies of this notice and the case scheduling order were provided to the person who filed the complaint.

Dated: 7/20/2021

Christy Kring
Deputy County Clerk
_____
Deputy Court Clerk

21 - 2574 - NH


## CASE SCHEDULING ORDER
### (NH and NP)

| Event | Date | Time |
|---|---|---|
| **ADR Pre-Trial** | Friday, November 5, 2021 | 10:30 a.m. |
| **Pre-Trial** | Friday, November 18, 2022 | 10:30 a.m. |
| **Trial** | Monday, December 12, 2022 | 8:30 a.m. |

Pursuant to MCR 2.301(A) and MCR 2.401(B)(2):

**The Michigan Supreme Court has provided the following direction to Trial Courts.** Civil proceeding – 75% of all cases should be adjudicated within 1 year of case filing, 95% within 18 months, and 100% within 2 years, except for individual cases in which the Court determines **exceptional circumstances exist**, and for which a continuing review should occur. *Administrative Order 2003-7*

1. **Information on the Web.** You may obtain more information about Judge LaFlamme's procedures by going to http://www.co.jackson.mi.us/LaFlamme/. The information available includes Scheduling Orders, the Approved Mediator's List, the ADR Plan, a sample ADR Pre-Trial Stipulation and various motion and trial procedures including requesting an adjournment and scheduling a motion. **(You can verify motions, pre-trial and trial dates and times on the web. You can also see the entire day's docket.)**

2. **What is an ADR Pre-Trial?** Most Civil Cases are scheduled for an ADR Pre-Trial. The purpose is to establish a plan for Alternative Dispute Resolution. The parties and attorneys should consider the different types of ADR - Arbitration, Case Evaluation, Mediation and determine when ADR should occur.

    Traditionally, most attorneys have selected Case Evaluation at the end of discovery. However, Case Evaluation across the State resolves only fifteen to twenty percent of the cases. Mediation reportedly resolves fifty to seventy-five percent of the cases. You do not need to accept one or the other. You can select both but you must decide which you want to do first.

    Few attorneys come to court for the ADR Pre-Trial. Some are conducted by phone but most attorneys enter into a stipulation before the ADR Pre-Trial. The ADR Stipulation is self-explanatory, and is available on my web page.

    Select the ADR option that best suits your case. If you cannot reach an agreement, I will decide. You can amend an ADR Plan by stipulation. If an amended ADR Plan will affect a scheduled pretrial or trial date, you must show good cause. Failure by both parties to appear at the ADR Pre-Trial will be considered by the Court as a request for an immediate Trial date.

3. **Pretrial Conference.** The parties are expected to be present at the pretrial or available by telephone. Attorneys are expected to be **present** in Court. This is NOT a settlement conference. Parties are encouraged to arrange mediation prior to the final pre-trial.

4. **Witness Disclosure.** All of plaintiff's witnesses must be disclosed four months from the date the Complaint was filed. All of defendant's witnesses must be disclosed five months from the date the Complaint was filed. Witness lists must be in the form provided by MCR 2.401(I) and shall be filed with the Court.

5. **Experts.** Challenges to expert testimony based on *Daubbert v Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1973), MRE 702.4 or *Davis Fry, (People v Young)*, 418 Mich 1 (1983) must be filed and scheduled for hearing at least 28 days prior to the scheduled trial date. In a medical malpractice case, this also includes any challenge to an expert testimony based on MCL 600.2169. I will waive the 28 day requirement if a party can establish good cause for failing to comply.

6. **Discovery.** Discovery shall be completed eight months after the case is filed. The parties may extend discovery by written agreement between themselves, without the necessity of a Court Order, up to the date of the final pre-trial.

7. **Medical Examinations.** Any examination should be completed three months prior to trial and opposing counsel shall have one month from receipt of the report for a deposition. If the report is not exchanged within two months of trial the witness will not be allowed to testify.

8. **Exhibits.** Exhibits must be exchanged no later than three weeks prior to trial. If no objections are filed within seven days of trial, the exhibits will be admitted into evidence unless good cause is shown for the late objection. Each party submitting exhibits must file a Proof of Service listing the exhibits that have been exchanged, but the exhibits should not be filed with the Court. Any objection must refer to the specific exhibit and must set forth the reason for the objection. Any exhibits not disclosed will not be admitted and any objection not filed will be deemed waived, unless good cause is shown for the lack of compliance with this Order.

9. **Extending Deadlines.** Deadlines for witness disclosure for medical examinations, discovery, and exhibits may be extended by written stipulation provided the changes do not effect the pretrial or trial dates. The agreement should be in writing but does not have to be confirmed in a Court order.

10. **Motions for Summary Disposition.** If the motion is noticed for hearing less than 28 days prior to the trial date, I may not decide the motion until the conclusion of the trial.

11. **Jury Instructions.** Requested jury instructions shall be filed seven (7) days before trial, and a copy shall be e-mailed simultaneously in Word format to pclark@co.jackson.mi.us. Instructions shall be listed by title and number and shall specify those instructions to be given at the onset of the trial and those instructions to be given at the conclusion of proofs. Trial Briefs shall be filed by noon on the Friday before trial.

12. **Amending Case Scheduling Order.** A motion to amend shall be filed as soon as possible and shall contain proposed dates for modification and facts showing good cause.

13. **Service of Case Scheduling Order.** The Plaintiff must serve this Order with the Summons and file a Proof of Service. If an attorney appears in this case after the issuance of this Order, Plaintiff shall serve a copy of this order on the attorney within 14 days of receipt of the attorney's Appearance and/or Answer.

14. **Motions.** When scheduling a motion, a Judge's copy of both the motion and notice of hearing should be sent directly to the Judge. Civil motions are heard on Tuesdays and Fridays at 10:00 a.m. except that summary disposition or lengthy motions are scheduled for a specific date to be arranged with the Judge's secretary, (517) 788-4365.

15. **Trial Procedures.** If attorneys plan on publishing exhibits to the jury, they are expected to have individual copies for all jurors if practicable. Trial exhibits should be labeled prior to the start of the trial.

16. **Sanctions.** Failure of either party to comply with this Order, may result in sanctions against the offending party and/or counsel, including attorney fees, and may result in dismissal of the case or default.

17. **Decorum.** Attorneys, litigants, and witnesses are expected to dress appropriately for court. Shorts and tank tops are not considered appropriate attire for adults.

_____
Honorable Richard N. LaFlamme, Circuit Court Judge

Updated 9-1-2011

# ADR Pretrial Order

_____ vs. _____

File No. _____

The parties request that the following ADR be ordered for this case:

- ☐ Binding arbitration.
  - ☐ Arbitrator selected by the American Arbitration Association.
  - ☐ Arbitrator to be selected by the parties.
  - ☐ Arbitration to be held in the month of _____.

- ☐ Mediation (Facilitative)
  - ☐ Scheduled immediately.
  - ☐ Scheduled in the month of _____ after some discovery.
  - ☐ Scheduled in the month of _____ after all of discovery.
    - ☐ Facilitative mediator to be selected by the parties.
    - ☐ Facilitative mediator to be selected by the ADR clerk.

- ☐ Case Evaluation  (CASE EVAL CONDUCTED ONLY IN EVEN-NUMBERED MONTHS)
  - ☐ Scheduled immediately.
  - ☐ Scheduled in the month of _____ after limited discovery.
  - ☐ Scheduled in the month of _____ after completion of discovery.
    - ☐ Case evaluators to be selected by the parties.
    - ☐ Case evaluators to be selected by the ADR clerk.

- ☐ Community mediation may be heard by a non-attorney volunteer mediator arranged by the Southeastern Dispute Resolution Service, 817 West High Street, Post Office Drawer 1107, Jackson, MI 49204-1107, phone 1-800-8-RESOLVE or (517) 784-4800.
  - ☐ Community mediation to be conducted in the month of _____.

- ☐ Parties request that this ADR Pretrial be adjourned _____ months.

- ☐ The parties request an earlier trial date and will be ready for trial by _____.

- ☐ The parties agree that any ADR would be inappropriate in this case for the following reasons:

_____

_____


_____       _____
Plaintiff or Plaintiff's Attorney                    Defendant or Defendant's Attorney



IT IS SO ORDERED.                    _____
                                     Circuit Judge

K:\Circuit Courtrooms\Judge Schmucker\Web Page Documents\ADR Order.doc